IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN EASLEY,<br>      Plaintiff,<br><br>     v.<br><br>CRNP BLOOM, et al.,<br>      Defendants. | C.A. No. 22-135 Johnstown<br><br>District Judge Susan Paradise Baxter<br>Chief Magistrate Judge Richard A. Lanzillo |

## MEMORANDUM ORDER

Plaintiff Warren Easley, an inmate formerly incarcerated at the State Correctional Institution at Houtzdale, Pennsylvania ("SCI-Fayette"),[1] commenced this *pro se* civil rights action on August 23, 2022. He subsequently filed an amended complaint on September 16, 2022, which is the operative pleading in this case [ECF No. 4]. Named as Defendants are the following staff members at SCI-Houtzdale: CRNP Adam Bloom ("Bloom"); Chief Psychiatrist Ingrid Renberg ("Renberg"); Deputy Superintendent Michelle Ivicic ("Ivicic"); and Licensed Psychology Manager Sean Bresnahan ("Bresnahan"). This matter was referred to Chief United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

In his amended complaint, Plaintiff asserts two claims. First, Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs in violation of the eighth amendment to the United States Constitution by failing to protect him from self-harm,

---

[1] Plaintiff is presently incarcerated at SCI-Frackville.

discontinuing necessary medications, and changing his mental health stability code. Second, Plaintiff asserts a retaliation claim against Defendants Bloom and Bresnahan based on the removal of his psychiatric medications, the decision to change his mental health stability code, and the issuance of a "false" misconduct.

Presently pending are separate motions for summary judgment filed by Defendants Renberg and Bloom [ECF No. 137], and Defendants Bresnahan and Ivicic [ECF No. 144], both of which were fully briefed by the parties.

On June 25, 2025, Chief Magistrate Judge Lanzillo issued a Report and Recommendation ("R&R") recommending that both of Defendants' motions for summary judgment be granted, and that judgment be entered in favor of Defendants and against Plaintiff on all claims. [ECF No. 163]. After being granted an extension of time, Plaintiff filed objections to the R&R on August 1, 2025 [ECF No. 170], to which Defendants Bloom and Renberg have filed a response in opposition [ECF No. 171].

In his objections, Plaintiff largely restates the same arguments he previously raised in opposition to Defendants' summary judgment motions, which were duly considered by the Chief Magistrate Judge. To the extent Plaintiff does raise objections challenging the reasoning applied by Judge Lanzillo in the R&R, those objections are unavailing. For instance, Plaintiff objects to Judge Lanzillo's finding that Plaintiff's complaint that Defendant Bloom should have placed him under closer observation or moved him to a POC instead of a camera cell constitutes a "disagreement between an inmate and doctor over alternative treatment plans" that "falls well short of a constitutional violation." (ECF No. 170, at p. 5; ECF No. 163, at pp. 13-14). However, this finding was an appropriate application of well-settled case law. Similarly, Plaintiff objects to

2

Judge Lanzillo's mention of Plaintiff possibly using suicide as a "manipulative tactic" and noting that the "the critical question is not whether [Plaintiff's] behavior was truly manipulative, but whether Defendants believed, in the exercise of their professional medical judgment, that this was the case." (ECF No. 170, at p. 5; ECF No. 163, at p. 14 n. 10). Once again, however, this was an appropriate application of well-settled case law supporting physicians' decisions stemming from the exercise of professional medical judgment. In short, Plaintiff has failed to raise any objection that would render the Chief Magistrate Judge's well-reasoned recommendation unsound.

Thus, after *de novo* review of the relevant documents in this case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 9th day of October, 2025;

IT IS HEREBY ORDERED that the motions for summary judgment filed by Defendants Bloom and Renberg [ECF No. 137] and Defendants Bresnahan and Ivicic [ECF No. 144] are GRANTED, and judgment will be granted in favor of all Defendants and against Plaintiff on all claims. The report and recommendation of Chief Magistrate Judge Lanzillo, issued June 25, 2025 [ECF No. 163], is adopted as the opinion of the court.

*/s/ Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge

cc:    The Honorable Richard A. Lanzillo
       Chief United States Magistrate Judge